ASSUMPSIT on a promissory note for $1000 made on the *Page 290 
14th day of February, 1871, payable in three months, at the Bank of Delaware by Woolston Co. to the order of the defendant and indorsed by him.
The evidence was that the plaintiff said to Woolston that he had a one thousand dollar State bond of this State, which he would exchange for a promissory note of Woolston Co. for one thousand dollars at three months, indorsed by Enoch Moore, and a note for that amount at three months was drawn by Woolston Co. to the order of Moore who indorsed it, which Woolston took to the plaintiff and received from him a one thousand dollar State bond in exchange for it, and which he sold the same day for $930 or at ninety three per cent., the current rate at which they were then selling in Wilmington. Woolston, the witness, further stated on his direct examination that he purchased the bond, but it was a loan by the plaintiff of the amount of the note to him, but on his cross examination he stated that he said nothing to him about borrowing money from him, or the bond either, and the plaintiff said nothing to him about lending him money or the bond. It had about four months' accrued interest on it at that time and was so sold; the note was without interest to maturity. In conclusion he stated that it was understood between the plaintiff and him that it was a loan of money, and not a purchase by him of the bond. When the note matured it was renewed and the present note was given.
McCaulley, for the plaintiff. The sole defence would be usury, but the transaction on its face was lawful. To make it usurious it should appear to the satisfaction of the jury that there was a loan, for such was the language of the statute, and a contract of buying and selling could not be such. To make a contract usurious, there must be a loan of money, goods, wares, or merchandise, or some commodity or article to be repaid or returned to the lender with a higher rate of interest than the statute allows. It is an essential requisite in such a case that the thing lent is by the terms of the contract to be returned. Otherwise, it *Page 291 
could not in the nature of things constitute a loan. To make the illegal interest uncertain or precarious, if the sum or article loaned is to be certainly repaid or restored to the lender, will not take the contract out of the operation or prohibition of the statute; nor will any shift or contrivance whatever have that effect. And if it be a purchase, but not a loan of the thing contracted for, no inequality of price merely as such, will make the contract usurious, because the price will not be material, if it be a purchase, and not a loan. 3 Wils. 395, 396. In the celebrated case of the Earl of Chesterfield vs. Jansen, 1 Wils. 295, which has been said to contain all the law to be found even, in later decisions on the subject, it was held and ruled that courts regard the substance, and not the mere words of contracts; and that a man may purchase an annuity as low as possible, but if the treaty be about borrowing and lending, and the annuity is only colorable, the contract may be usurious however disguised. But unless the circumstances are strongly suspicious, a usurious contract is not to be presumed. Com. onUsury 100. 2 Camp. 554. 1 Esp. Rep. 176.
Harrington, for the defendant. It had been clearly proved and was not denied, that the note was purely an accommodation note indorsed by the defendant without any consideration whatever, other than of kindness and from a disposition to oblige and accommodate the makers of it, for whose convenience and benefit exclusively it was made and delivered to the plaintiff, and who received from him the State bond for it, and sold and realized the money on it the same day to the amount of $930. And that it was well known to the plaintiff that it was such an accommodation note for the sole benefit of the makers of it, when he received it. Nor could any one doubt that it was equally well known to him at the time, that it was the intention of Woolston to sell it immediately and realize the money upon it at the rate of discount then prevailing in the market, and that it was in effect, according to the mutual understanding and design of the plaintiff and *Page 292 
Woolston, but a loan of that amount of money by the former to the latter, on the security of the note and the indorsement of the defendant, and that it was merely an artifice and contrivance to cover a contract for a loan of that amount of money at a usurious rate of interest; and asked the court to instruct the jury that if such were the facts of the case, the contract for the sale or exchange of the bond was usurious and void under the statute, and the plaintiff could not recover upon it.
McCaulley, replied.
In accordance with the evidence which was not disputed, that it was an accommodation note for the benefit alone of the makers of it, as was known to the plaintiff at the time when he received it from Woolston, and that if the transaction was devised and resorted to by them for the purpose of evading the statute and concealing and disguising a loan of money, to be repaid at what would practically amount to a higher rate of interest than six per cent. on the sum received by Woolston on the sale of the bond, it would be a contract for the loan of money at a usurious rate of interest, and would be void under the statute, and the plaintiff could not recover upon it. But if, on the contrary, they should be satisfied from the evidence that it was a bona fide sale of the State bond referred to, by the plaintiff to Woolston, although he knew that the latter intended to sell it immediately at whatever price or rate of discount he could obtain for it, and not a loan in fact under the cover and disguise of such a pretended sale of it merely, it would not be a loan of money, and the action would lie and the plaintiff would be entitled to recover the amount of the note with interest.
 The plaintiff had a verdict. *Page 293